IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB - 7 2025

CLERK, U.S. DISTRICT COURT
By_____
Deputy

UNITED STATES OF AMERICA,

Plaintiff,

v.

EDELIEL ESANULSANCHAZE RAINEY,

Defendant.

2:24-CR-083-Z-BR

## ORDER

Before the Court is Defendant's Objections to Government's Exhibit List ("Objections").
ECF No. 42. Defendant's Objections mimic inapplicable Federal Rules of Evidence to purportedly
enforce this Court's Order setting the suppression hearing, which simply advised the parties to
"present evidence" on five issues: (1) reasonable suspicion, (2) prolonging the stop, (3) reasonable
delay, (4) custodial interrogation, and (5) legality of canine sniff. *Id.* at 1–2; ECF No. 39 ("Order").
Defendant's Objections are **OVERRULED** and Defense Counsel is admonished to conform future
pleadings and communications to Local Criminal Rule 57.8(b) and (e).

### BACKGROUND

Defense Counsel blends inapplicable Rules of Evidence with the Order to suppress what a
suppression hearing hears. Objections one and two oppose "admission" of *excerpted* body-camera
video because the footage is "inadmissible" and "prejudicial." ECF No. 42 at 1–2. Objection three
opposes the *entire* body-camera video because "unfiltered inclusion" may confuse the Court and
"prejudice" Defendant. *Id.* at 2–3. Objections four and five oppose "admission" of photographs of
alleged marijuana and cocaine seized during the traffic stop because their "probative value, if any,
is substantially outweighed by the danger of unfair prejudice." *Id.* at 3–4.

1

**ANALYSIS**

Defense Counsel (1) misreads the Order and misapprehends the (2) Federal Rules of Evidence, (3) "prejudice" at trial versus "prejudice" at suppression hearing, and (4) Northern District of Texas Local Criminal Rules governing advocacy and communications with counsel.

First, the Order previewed five issues relevant to this Court's resolution of the pending Motion to Suppress, then instructed the parties to "confer and agree on any relevant video excerpts, including time stamps, start times, and stop times." ECF No. 39 at 1–2. Analogizing to appellate law, the Order resembles a "Questions Presented" notice paired with a "meet and confer" reminder. Instead, Defense Counsel weaponized the Order to oppose and suppress evidence routinely reviewed in a suppression hearing where the Court presides sans jury.

Second, as the Government correctly noted in its Response to Defendant's Objections (ECF No. 43), the Federal Rules of Evidence do not apply to a suppression hearing. FED. R. EVID. 104(a) ("The Court must decide any preliminary question about whether . . . evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege."); FED. R. EVID. 1101(d)(1) (confirming that the rules of evidence do not apply to "the court's determination . . . on a preliminary question of fact governing admissibility."); *United States v. Raddatz*, 447 U.S. 667, 679 (1980) ("At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial.").

Third, the repeated reference to "prejudice" echoes Rule 403 but is misplaced in this context. Defendant will not be unfairly "prejudiced" by this Court's review of traffic stop video because excerpts include "emotionally charged content." ECF No. 42 at 3–4. Nor is Defendant "prejudiced" by this Court's review of photographs depicting substances seized. *Id.* The Court is apprised of the Fourth Amendment standards that apply to the video, photographs, and facts of this

case. *See, e.g.*, ECF No. 42 at 3–4 ("The substance's presence **post-search** does not retroactively justify the stop or search"; "The substance's presence **post-search** does not retroactively justify the stop or search.") (emphasis in original). Unlike a Rule 403 issue arising at trial before a jury, the Court may consider any evidence necessary to resolve the fact issues raised by Defendant's Motion to Suppress. *See Raddatz*, 447 U.S. at 679.

Finally, Defense Counsel's communications and Objections may require disciplinary action under Local Criminal Rule 57.8(b) and (e). Here, Defense Counsel arguably failed to "conduct litigation properly" — in her communications to opposing counsel and pleadings to this Court. *See* N.D. TEX. LOC. CRIM. R. 57.8(b)(4). Additionally, mixing this Court's Order with inapplicable Rules of Evidence to suppress suppression evidence borders on the "frivolous." *See* N.D. TEX. LOC. CRIM. R. 57.8(e) (incorporating Texas Disciplinary Rules of Professional Conduct); MODEL RULES OF PRO. CONDUCT r. 3.1 (AM. BAR ASS'N 2024). Thought this Court does not order a Show Cause hearing, it does admonish Defense Counsel to conform future pleadings and communications to Local Criminal Rule 57.8(b) and (e).

For all the aforementioned reasons, Defendant's Objections are **OVERRULED**.

**SO ORDERED.**

February __7__, 2025.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

3