IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 2:24-CR-083-Z-BR |
| EDELIEL ESANULSANCHAZE RAINEY, | |
| Defendant. | |

**ORDER**

Before the Court is Defense Counsel Antoinette Harris's Application to Proceed *In Forma Pauperis* on Appeal ("Application"). ECF No. 80. For the following reasons, the Court **DENIES** Ms. Harris's Application.

Under 28 U.S.C. Section 1915(a), a district court has "wide discretion" to deny an application to proceed *in forma pauperis*. *Hogan v. Midland Cnty. Comm'rs Ct.*, 680 F.2d 1101, 1103 (5th Cir. 1982). The determination of "whether a party may proceed in forma pauperis must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024) (citing *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). A reviewing court examines the financial condition of the applicant in order to determine whether the payment of fees would cause "undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). While there is no requirement that an applicant "be absolutely destitute to enjoy the benefit" of *in forma pauperis* status, the applicant must be unable to "pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (alterations in original).

Here, Ms. Harris's income and savings indicate that she can afford to pay the $605 filing fee for this appeal. Ms. Harris is actively employed as an attorney, earning at least

$4,500 per month or $54,000 per year. ECF No. 80 at 5. She has $1,364.01 in her bank account. *Id.* at 6. And Ms. Harris owns two vehicles collectively worth more than $40,000. *Id.* at 7. Ms. Harris has no dependents. *Id.* at 7.

Ms. Harris alleges that she cannot afford the cost of this appeal because she "represents indigent clients in this and many other matters and is not receiving compensation for her work in this case." ECF No. 78 at 1. She further alleges that the "rising cost of living due to inflation has further strained the ability to absorb any out-of-pocket costs." *Id.* But Ms. Harris fails to demonstrate why she is unable to accept additional paying clients to defray the cost of the appeal. Nor does she explain why—if obtaining additional clients is impossible—she is unable to obtain other temporary gainful employment outside the legal field to offset the cost of this appeal.

Courts have found an applicant not indigent in more modest financial circumstances than those present here. In *Khnanisho v. Rivera*, the court found that an unemployed applicant whose spouse earned $41,000 per year and had $1,900 in bank accounts was not indigent. No. 2:22-CV-00233, 2023 WL 5672534, at *6 (S.D. Tex. Aug. 7, 2023). The court further found that the applicant was employable even though he could not obtain employment in his chosen field of law enforcement because of an expunged arrest record. *Id.* Specifically, the court observed that the applicant "d[id] not allege, much less show, that [his expunged arrest record] prevents him from finding work in any *other* field." *Id.* (emphasis added).

Additionally, in *United States v. Graves*, the Court held that a defendant was not indigent for the purposes of assessing a fine because the defendant "(1) took accelerated placement courses in high school, obtained his GED, and briefly attended college; (2) had a wide range of vocational skills; (3) had a long history of employment; (4) had previously earned $40,000 annually; and (5) was able bodied." 908 F.3d 137, 143 (5th Cir. 2018).

2

Although the *Graves* Court focused its indigency analysis on the defendant's future earning capacity to pay a fine, its analysis is instructive here.

Like the defendant in *Graves*, Ms. Harris is more educated than many individuals claiming indigency.[1] In fact, Ms. Harris graduated from both college and law school—which far exceeds the extent of the defendant's education in *Graves*. And like in *Graves*, Ms. Harris has a steady employment record, is able-bodied, and earns a solid yearly income. In fact, her stated yearly income of $54,000 exceeds the income of the applicant the Court denied indigency status in *Khnanisho*. Finally, like the applicant in *Khnanisho*, Ms. Harris is not entitled to exclusively work within her chosen field if she is unable to obtain paying clients. If necessary, Ms. Harris has the skills and credentials to temporarily earn gainful employment outside the legal field to pay the costs of the appeal.

By contrast, the cases in which the Court grants *in forma pauperis* status involve significantly different facts than those present here. For example, the court in *Morse v. Codilis & Stawiarski, P.C.* found an applicant indigent because the applicant was "unemployed," had "limited cash resources," his "only source of income [was] from Social Security benefits," and he owned no "assets that could be used to assist in paying a filing fee." No. 4:16-CV-00279, 2016 WL 10827374, at *1 (E.D. Tex. May 12, 2016). The facts in this case are opposite. Ms. Harris is young, employed, and owns assets which could be used to pay the filing fee on appeal.

Having examined Ms. Harris's financial resources, the Court **FINDS** that Ms. Harris is not indigent because she can pay the filing fee and "still be able to provide [herself] . . . with the necessities of life." *Adkins*, 335 U.S. at 339. Nor will paying the cost of this appeal

---

[1] Despite the Court's best efforts, it was unable to find even one case in which a practicing attorney attempted to claim *in forma pauperis* status.

impose an "undue financial hardship" on Ms. Harris. *Prows*, 842 F.2d at 140. Accordingly, Ms. Harris's Application is **DENIED**.

**SO ORDERED.**

May 8, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE