IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                   2:24-CR-083-Z-BR

EDELIEL ESANULSANCHAZE RAINEY,

      Defendant.

**ORDER**

Before the Court is Defense Counsel's Motion to Continue Hearing ("Motion"). ECF No. 87. For the following reasons, Defense Counsel's Motion is **DENIED**.

The Court initially scheduled a hearing on Defense Counsel's Motion to Withdraw (ECF No. 83) on Tuesday, June 3, 2025. ECF No. 85. The Court then reset the hearing for Friday, June 6, 2025. ECF No. 86. The Court received no communications from Defense Counsel regarding this hearing until she filed the instant Motion on June 3, 2025—two days before the scheduled hearing.

In her Motion, Defense Counsel alleges that she will be in trial until Thursday, June 5, 2025—the day before the scheduled hearing—thus making it "unfeasible" for her to appear at this Court's hearing the next day. ECF No. 87 at 1. Defense Counsel also vaguely alleges that she has a "longstanding, pre-scheduled professional obligation on June 6, 2025, that cannot be rescheduled despite reasonable efforts." *Id.* Finally, Defense Counsel complains that she was not "consulted regarding her availability before issuance of the original or amended setting." *Id.* at 1.

As an initial matter, the Court has no duty to *consult* with attorneys before scheduling hearings or trials. The Court schedules its docket to conform with the schedule of the

1

presiding judge, Court staff, and security personnel. While an attorney may timely move for a continuance when good cause is present, an attorney may not dictate the Court's schedule.

Next, the Court entered its first Order setting this hearing on May 23—more than a week before the hearing's initial setting of June 3, and exactly two weeks before the hearing's current setting of June 6. ECF No. 85. During this two-week period, Defense Counsel should have notified the Court of any impending trial settings and/or scheduling conflict. But Defense Counsel submitted no motion for continuance to this Court. Nor did Defense Counsel provide this Court with any details about this trial in her instant Motion. She did not provide the Court with the name of the presiding judge, a case number, or even the court in which this trial will take place.

Nor has Defense Counsel provided the Court with any information about her "longstanding, pre-scheduled professional obligation" taking place on June 6. Thus, the Court cannot find good cause exists to continue this hearing without such information.

Finally, Defense Counsel states in her Motion that she called this Court twice on June 1, 2025, to discuss her scheduling conflict. ECF No 87 at 2. But this Court received no call from Defense Counsel on June 1—a Sunday. The Court checked its phone logs and verified that Defense Counsel did place two calls to the Court on Monday, June 2. But Defense Counsel did not leave a voicemail, and the Court was unaware that Defense Counsel called until it reviewed Defense Counsel's Motion. Additionally, throughout this entire case, Defense Counsel has (understandably) utilized *email* for all informal communications with this Court. Defense Counsel could have emailed the Court about her scheduling conflict prior to filing her Motion to ensure the Court was aware of her conflict. But she did not.

Accordingly, because Defense Counsel will complete any trial this week at least one day before this Court's hearing, and because Defense Counsel has not otherwise demonstrated any good cause for the Court to delay this hearing, the Court declines to

2

continue the hearing on short notice based on Ms. Harris's vague and untimely Motion. As

such, Defense Counsel's Motion for Continuance is **DENIED**.

**SO ORDERED**.

June **4**, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

3