IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> Plaintiff, § <br> § <br> v. § <br> § <br> EDELIEL ESANULSANCHAZE § <br> RAINEY § <br> Defendant. § | NO. 2:24cr83 |

**RESPONSE TO JUNE 5, 2025, ORDER AND PRESERVATION OF RECORD**

COMES NOW Antoinette N. Harris, counsel of record, and responds to the Court's Order dated June 5, 2025 (ECF No. 91), which threatens sanctions and civil contempt for her anticipated non-appearance at the hearing scheduled for June 6, 2025. Counsel files this response to reiterate her position, preserve the record, and respectfully object to the Court's continued punitive posture.

1. The Court's latest directive reflects a continued pattern of punitive responses, suggesting that counsel is being sanctioned not for misconduct, but for fulfilling her duty to her client and attempting to comply with competing ethical and professional obligations. The language of the Order and the handling of counsel's filings confirm a posture that prioritizes punishment over reasonable consideration.

2. The Court issued its Order at 3:05 PM on June 5, 2025, and required counsel to respond by 5:30 PM the same day—a window of only two and a half hours. Such a compressed and unrealistic deadline is not conducive to meaningful legal response and supports counsel's contention that the Court's actions are punitive in nature. Counsel was effectively deprived of a fair opportunity to fully present her position and address serious legal and factual concerns under threat of contempt.

3. Based on the Court's established pattern of rulings—summarily denying virtually every prior pleading and imposing escalating sanctions—counsel reasonably anticipates that her Motion to Withdraw will be denied regardless of whether she appears. This belief is not speculative but grounded in the consistent handling of this matter by the Court.

4. Counsel had no conflict with the hearing originally set for June 3. Even if Counsel had a conflict with the originally set hearing, there was plenty of time, as highlighted in the Court's Order denying Counsel's Motion for Continuance, to make arrangements to be present. She was fully prepared to appear on that date. When the Court unexpectedly rescheduled the hearing to June 6, 2025, that date directly conflicted with both pre-trial obligations in another felony matter and longstanding family caregiving responsibilities.

5. Preparing for trial in a serious criminal matter requires not only the review of discovery, witness statements, and forensic evidence, but also extensive client preparation, legal research on evidentiary issues, motions in limine, and coordination with investigators, expert witnesses, and co-counsel. Additionally, counsel must develop and refine voir dire strategies, direct and cross-examinations, jury instructions, and potential pre-verdict legal arguments. These tasks demand focused, uninterrupted time and adherence to strategic deadlines, none of which can be postponed or compressed without risking prejudice to the client. Counsel's unavailability for the June 6 hearing is a direct result of her ethical duty to provide constitutionally effective representation in that pending matter

6. Counsel is the caregiver to her recently retired mother, who resides in Louisiana and previously served as a Surgical Technician for the United States Department of Veterans Affairs (VA) at the VA Hospital in Pineville, Louisiana. Her mother suffered a debilitating injury in 2022 and was forced to retire early due to declining health. Without financial

means to afford home healthcare, she relies almost exclusively on counsel—her only child—for assistance with groceries, household maintenance, and medical support. Counsel travels home the first weekend of each month, including this weekend, to provide care. These obligations are personal, urgent, and non-delegable.

7. Given adequate time to respond, counsel could have secured a supporting affidavit from her mother detailing the caregiving obligations that require counsel's presence in Louisiana. However, the Court's issuance of a two-and-a-half-hour response deadline made it logistically impossible to gather such corroborating documentation. This reinforces the perception that the Court is less interested in understanding the circumstances than in escalating punitive measures against counsel.

8. Counsel maintains her notice of non-appearance and respectfully submits that her inability to appear is not based on neglect or disrespect, but on ethical, professional, and familial responsibilities the Court has repeatedly declined to accommodate.

9. Counsel anticipated, based on the Court's pattern of rulings, that she would be subject to further sanction or civil contempt for her anticipated non-appearance. She discussed these concerns with local counsel Natalie Archer on June 4, 2025, out of transparency and prudence. Attorney Archer is presently out of town and unavailable to provide testimony regarding that conversation; however, it is noteworthy that despite her status as local counsel of record, she has not been threatened with or subjected to sanctions or civil contempt. This disparity further illustrates the Court's selective and disproportionate treatment of undersigned counsel.

10. Counsel submits that the procedural history of this matter reveals a disturbing trend: efforts to zealously represent her client have resulted in judicial sanctions, and good faith attempts

to withdraw in accordance with established protocols have been met with the same punitive response. The Court's consistent refusal to distinguish between misconduct and legitimate advocacy—or to permit counsel to extricate herself from an increasingly untenable position—suggests an abuse of discretion that risks chilling effective representation of indigent defendants. These circumstances raise serious questions of fairness, due process, and judicial impartiality.

        Respectfully submitted,

**The Law Office of Antoinette N. Harris, PLLC**

_____

**Antoinette N. Harris**
Texas Bar No. 241216521
2911 Turtle Creek Blvd, Suite 300
Dallas, Texas 75219
Telephone: 1(833)326-4529
Facsimile: 1(833)326-4529
Email: antoinette@anhlaw.net
***Attorney for Edeliel Esanulsanchaze Rainey***

## CERTIFICATE OF SERVICE

   I hereby certify that on June 6, 2025, a true and correct copy of the foregoing was served via electronic mail and CM/ECF to:

**Jeff Haag**
Assistant United States Attorney
West Texas Branch Chief
Northern District of Texas, Amarillo Division
500 South Taylor Street, Suite 300
Amarillo, Texas 79101
Email: Jeffrey.Haag@usdoj.gov

**Anna Marie Bell**
Assistant United States Attorney
Northern District of Texas, Amarillo Division
500 South Taylor Street, Suite 300
Amarillo, Texas 79101
Email: Anna.Bell@usdoj.gov

_____
**Antoinette N. Harris**