IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 2:24-CR-083-Z-BR |
| EDELIEL ESANULSANCHAZE RAINEY, | |
| Defendant. | |

## ORDER

On July 1, 2025, the Court ordered Ms. Antoinette Harris to (1) show cause for her failure to appear at this Court's scheduled hearing on June 6, 2025, despite this Court's Order denying her Motion to Continue; and (2) show cause for why Ms. Harris provided seemingly false information to this Court about a state trial before Judge Kemp. ECF No. 99. Ms. Harris responded on July 9, 2025 ("Response"). ECF No. 102. After reviewing Ms. Harris's briefing, the Court finds as follows.

First, the Court **FINDS** that Ms. Harris's representations to this Court regarding a criminal trial before Judge Kemp on June 9, 2025, were made in good faith and were accurate at the time alleged. The Court applauds Ms. Harris's diligence in obtaining an affidavit from Judge Kemp and finds the information alleged in the affidavit exculpatory. Judge Kemp affirmed that Ms. Harris was second chair in a criminal case set to begin on June 9 and explained that, on the day of trial, lead counsel "unexpectedly chose not to allow Attorney Harris to continue in her role as a second chair." ECF No. 102-1 at 1. Accordingly, the Court finds that Ms. Harris's representations to this Court regarding a criminal trial beginning on June 9, 2025, were accurate.

However, the Court **FINDS** that Ms. Harris failed to demonstrate good cause for her failure to appear at this Court's scheduled hearing on June 6, 2025. Contrary to Ms. Harris's

1

assertion that "[t]here is no evidence of willful disregard of a court order," (ECF No. 102 at 5), Ms. Harris failed to appear at a scheduled hearing despite the Court's denial of her Motion to Continue. *See* ECF No. 90. And as the Court has reiterated at length in its prior Orders, Ms. Harris refused to provide any facts from which the Court could find good cause to continue the scheduled hearing. *See* ECF No. 87. Ms. Harris provided no substantive details about the personal obligations preventing her from appearing before this Court until 12:37 a.m. the day of the hearing—after the Court had denied her Motion to Continue and far too late for the Court to consider them. ECF No. 92. In light of this failure, the Court encourages Ms. Harris to prioritize early transparency and honesty in the future to avoid disciplinary actions. Furthermore, the Court reminds Ms. Harris that counsel's disagreement with the Court's weighting of "good cause" is not justification to flout the Court's orders or fail to appear at a Court-ordered hearing. *See U.S. v. United Mine Workers of Am.*, 330 U.S. 258, 243 (1947) (affirming that "an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings"); *U.S. v. Woodberry*, 405 F. App'x 840, 843–45 (5th Cir. 2010) (affirming a district court's finding of civil contempt when defense counsel failed to appear at a sentencing hearing despite the court's denial of counsel's motion for continuance); *see also Matter of Anderson*, No. 6:20-MC-00013, 2020 WL 7079135, at *4 (E.D. Tex. Dec. 3, 2020) ("[F]ailure to obey court orders . . . constitutes an inability to conduct litigation properly, for which the court . . . finds that a public reprimand is appropriate.").

However, because Ms. Harris made a good-faith effort in her Response to fully explain the personal family obligations preventing her from appearing on June 6—and because the Court would have found these obligations good cause to continue the hearing had Ms. Harris *timely* provided the Court with this information—the Court does not sanction Ms. Harris for

her non-appearance. Rather, the Court reprimands Ms. Harris for her explicit refusal to comply with a Court order.

Ms. Harris is warned that she has a duty of candor with this Court—and any court. If she seeks a continuance in the future, Ms. Harris must immediately provide the Court with truthful information from which it can make an informed ruling on continuance. Courts are not obliged to take counsel's word that good cause exists. Instead, courts have a duty to all parties involved to fully consider the facts of a case before granting any continuance. To do otherwise risks unfair prejudice to parties.

Accordingly, the Court reprimands Ms. Harris but does not find criminal or civil contempt and does not order a fine.

**SO ORDERED**.

July 18, 2025.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE